[Crim. No. 5644.   Second Dist., Div. Three.   July 30, 1956.]

THE PEOPLE, Respondent, v. GEORGE SAMUEL MILLER et al., Defendants; MORRIS WEISS et al., Appellants.

Max Solomon and John J. Bradley for Appellants.

Edmund G. Brown, Attorney General, and Norman H. Sokolow, Deputy Attorney General, for Respondent.

SHINN, P. J.—Morris Weiss, Harry Joseph Ridley and George Samuel Miller were jointly charged with violation of section 337a, subdivision 1 of the Penal Code in that they engaged in pool selling and bookmaking; in a second count they were charged with violation of subdivision 2 of the section in that they maintained a room and apartment for the purpose of recording and registering bets; in a third count, Ridley and Weiss were accused of registering bets.

Trial was to the court. The evidence received at the preliminary was introduced under stipulation. Weiss and Miller testified in their defense. Miller was found not guilty and Ridley and Weiss were convicted on Count II and acquitted on other counts. Their motions for a new trial were denied, they were placed on probation and they appeal.

Appellants were arrested in an apartment in Santa Monica. The arresting officers forced open a door of the apartment; writings and other papers found on the premises indicated that the occupants of the apartment were engaged in bookmaking and that appellants had been making use of betting markers. Appellants made admissions to their arresting officers and although they testified that Miller had nothing to do with their activities, neither one denied having carried on bookmaking in the premises. It is not urged on the appeal that the evidence was insufficient to prove the offenses charged. The sole contention is that the officers were guilty of making an unlawful entry and search and that the court erred in overruling the objections of appellants to the evidence unearthed by the officers following a forced entry of the premises. We do not think this contention is sustainable.

There was evidence of the following facts. The intelligence unit of the sheriff's office had had the location under observation on three or four occasions from June 1955. During that time defendant Miller had been seen to enter and leave the premises. The observation had been carried on intermittently. There was no evidence as to any activities of defendants other

than the fact that Miller had been seen entering the premises on one occasion. On September 28, 1955, Officer Johnson was informed by the intelligence unit of the sheriff's office that bookmaking was being conducted at the location. Johnson received this information about 10 a. m. He ascertained there was a telephone on the premises and at about 12:10 p. m., he made a telephone call which was answered by a man's voice. Johnson asked whether it was too late to place a bet in the 6th race at Atlantic. The male voice on the phone told him it was not too late and that he had about six minutes. Johnson said he would call back later. At about 12:20 p. m., Johnson, with Deputy Sheriffs Wallace, Gentzvein and Maxie, went to the premises and for about five minutes stood outside the front door which was the only entrance. Johnson listened at the front door by means of a speaking device. He testified that he heard a voice inside say "Yes, I have that" and "Bay Meadows, okay." Johnson knocked on the door and stated that he was from the sheriff's office. He called out Miller's name and told him that he was under arrest for bookmaking. He repeated his statement in a loud voice and after about 30 seconds, when he received no reply, the officers kicked in the door and entered.

The question is whether the officers had reasonable grounds for making a forcible entry of the premises without a search warrant. Appellants say the entry was not justified by information received from the intelligence unit of the sheriff's office and in this they would seem to be correct, inasmuch as there was no evidence as to any facts that had been ascertained by the intelligence unit other than Miller's appearance on one occasion or of a statement of any facts related to Officer Johnson which indicated that appellants were engaged in bookmaking. But we think appellants attach too little importance to the fact that Officer Johnson, having ascertained the telephone number of the apartment, made the inquiry and received the reply we have related. His testimony as to the conversation was not denied by appellants, and we think the discussion over the telephone strongly indicated that he was talking with a bookmaker who was ready and willing to accept a bet. No other explanation has been suggested by appellants and we can think of none. The information Johnson received over the telephone was the equivalent of an *offer to accept a bet if he wished to place one*. We think there is no reason to doubt that the officer had sufficient grounds for suspecting, and even for believing,

that the apartment occupied by appellants was maintained as a bookmaking establishment. Under the authorities, which it is unnecessary to review, the forcible entry of the premises after demand for admittance and refusal was not unlawful. Circumstances considerably less incriminating than those of the present case have been held sufficient to furnish reasonable grounds for an arrest and search. (See *Willson* v. *Superior Court*, 46 Cal.2d 291 [294 P.2d 36].) It was not error to overrule the objections of appellants and to admit the evidence of bookmaking activities, including the admissions of appellants.

No question is present with respect to the admissibility of the testimony of Johnson in which he related statements he heard over the listening device. Although it had been admitted over objection this testimony was stricken on the court's own motion.

The judgment and the order denying motions for a new trial are affirmed.

Wood (Parker), J., and Vallée, J., concurred.